## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

Monica Taylor a/k/a Storn
_____            :

      Plaintiff,                             :

vs.                                     :     Civil Action No. 20-CV-583-KO-N

                                         :

Steven T. Mnuchin, Secre                :
_____            :

      Defendant(s)                          :


## COMPLAINT

1.   Plaintiff resides at _6139 Foxtail Drive  Mobile Alabama 36693_____

2.   Name(s) of defendant(s) _Steven T Mnuchin_____

3.   Location of principal office(s) of the named defendant(s) _Gulfport, Mississippi___

_____

_____

4.   Nature of business of defendant(s) _Wage Investment_____

_____

5.   Approximate number of individuals employed by defendant(s) _____

6.   The acts complained of in this suit concern:

    (A) _____ Failure to employ me.

    (B) _____ Termination of my employment.

    (C) _____ Failure to promote me.

    (D) __x__ Other acts as specified below:  harassment, discrimination.
Hostile workplace, Disability.

_____

_____

7.   Plaintiff is:

    (A) _____ Presently employed by the defendant.

    (B) __x__ Not presently employed by the defendant.

        The dates of employment were _____Dec.5 1995-Feb 5,2018_____

      (1) _____ Plaintiff was discharged.

      (2) _____ Plaintiff was laid off.

      (3) __x__ Plaintiff left the job voluntarily.

8.   Defendant(s) discriminated against me on account of my:

    (A) __x__ Race            _____ Sex

        _____ Color          _____ National Origin

        _____ Religion

    Therefore, I am bringing this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, specifically, 42 U.S.C. § 2000e-5.

    (B) __x__ Physical disability

        _____ Mental disability

    Therefore, I am bringing this action pursuant to the American with Disabilities Act, specifically, 42 U.S.C. § 12117.

    (C) __53__ Age

    Therefore, I am bringing this action pursuant to the Age Discrimination in Employment Act of 1967, specifically, 29 U.S.C. § 626.

9.   The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are) _____Managers_____

10.   The alleged discrimination occurred on or about _____2012_____

11.   The nature of my complaint, i.e., the manner in which the individual(s) named above

1. On
discriminated against me in terms of the conditions of my employment, is as follows: _____

unspecified dates in 2017, the Agency placed Complainant on leave without pay and

deleted from the Agency system, resulting in a denial of healthcare benefits;

2.After sewer spills in October and November 2017, the Agency Failed to Provide a

reasonable accommodation; 3. In June 2017, she learn that TIFT a began an investigati

after a manager encouraged a customer to complain about her; and November 7,2017

Complainant learned that TIGTA referred the result of the investigation to the Agency for

potential action and;4 In 2013, and Complaint and aTaxpayer Advocate had a

work
12.    The alleged illegal activity took place at _____

_____

13.    I filed charges with the Equal Employment Opportunity Commission regarding alleged

discriminatory conduct by defendant(s) on or about _____

I have attached a copy of the Notice-of-Right-to-Sue letter issued by the Equal Employment
                                                          September 3,2020
Opportunity Commission.  This letter was received by me on _____

14.    I seek the following relief:

(A) _____ Recovery of back pay.
         x
(B) _____ Reinstatement to my former job, and any other relief as may be appropriate,

including injunctive orders, damages, costs and attorney's fees.

Date: __12|2|2020__

Signature of Plaintiff
Monica F. Taylor

6139 Foxtail Drive Mobile Al 36693

Address of Plaintiff

(251) 463. 9085

Telephone Number of Plaintiff

1.  2013 complaint stated that she was deleted from the Agency's system.

Complaint work At the In.

At the time being employed at as Individual Taxpayer Advisory Specialist at the Agency's Wage Investment division in Gulfport Mississippi. Complainant stated in 2015, she was subject to the Treasury Inspector General for Tax Administration (TIGTIA) investigation based on a complaint from a taxpayer. This investigation went on for several years, On this dated July 7 2015 taxpayer came into the office said that she was sorry for what she had done to me. Management official had convinced her and several other Taxpayer to make a complaint on the Black lady. This went on for several year 2019 under investigation.

July13,2017, I complete deleted. I received a letter from the healthcare provider stated I am not covered September 5, 2017, deleted From Agency's system.

On November 6, 2017 a sewage issue in the closure in the Gulfport building, and the employees were provided administrative leave for the remainder of the day. On November 9,2017 complainant, email her managers requesting help. Complaint that the Agency has her medical information from a reasonable accommodation requestion from a couple years ago. When I ask could I work in the Mobile office manger would reply no their no space. A request was made each time verbal and each time I was denied. To work from home.
800 hours of leave requested was due to medical leave due to the job

 In May 2018, Amended Order Directing Agency to Produce Agency Investigation file, and other information the agency sanction.

 I am ask Supreme Court Ask Agency produce with 15 Investigation file and other information,  I favar

Punitive demages 350,000. plus benefits include medical plus attorney fees.

1. The Complaint have provided endless documentation, supported documentation from doctor and witness statement and address
2. The Agency deliberate and create a very and hostile and offensive environment by create harassment and allocated of work and allowing investigation, abuse of power of authority.
3. The Agency Have Taken us around and around by providing us with wrong outline of the case BACKGROUND case that was not in the case at all, attention to detail written on dismissed claims by the investigated that was in full detail that in detail by Complaint, 29 C.F.R. 1614 107(a)(2)(b)
4. The Agency complicated because they have not done their job of completion. They have not done the interview of the

The Agency perceptive, clearly don't have an outline nor respect to the courts. The Agency is creating the approximated way treated; Complaint; constant being treated subject taunts and, mentally abuse, constant being humiliating and intimidating, violation looking into personal life and having a documentation,

differently by creating the environment not belong act intimidation environment. Let the record reflect the Agency Mangers watch the q-matic screen to make sure I was on the counter and forced to work the counter longer than others employee and saw majority of the customer.

The Agency continue to find ways build control the Complaint with defraud and collusion and stratagem and one of the Agency many strategies and tactics to achieve control divert the court the responsibility to PRODUCE

The question what record can prove to say I that the Complaint is incorrect, they have not Produce any documentation. Agency have pull out the documentation I sent in from the records.

Agency Failed to accommodate the Complainant reasonable accommodation. The Agency failed to denied me these was explain in statement and witness was list was provide to them. If the Agency had they due diligence will not be having this discussion.

The agency building facility which they lease had such unpleasant-smell that it was causing the complaining to get sick, have upper respiratory infection. Which set off her chronic asthmas. In the Month of October, November etc. 2017 That why I said the Agency didn't do it due diligence, the building had to get a cleaning up because of the smell. Record check the date. The building was shut down, I even provide record showing I was on antibiotic and other medication.

The Agency Manger denied I could not work in the mobile and I live in mobile, I requested to work from that location several occasion both was denied, I even ask to work from home.

The Complaint file case in timely manner and have proven her case. The Agency fails to produce the requested information within fifteen (15) days of receipts of this order, The record that they have not shown good cause  why it has not done  so but instead it have false illusion to show good cause why it has not done so, the Administrative Judge  should impose a sanctions for taking up thru  this case when you have not did your due diligence in closing this case without GOOD Merits 29 C. F.R 1614 109 (f)(3) as follow


 Issue a decision fully favor of the opposing parting party, Take such other action as it deems appropriated.  Please Consider the matters to which the requested information pertains has been established in Complaint favor. Complaint have submitted  all evidence offered by Administrative Judge  the party ( Agency )failing to produce the requested information.



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

**TO:**   Monica Taylor, Counselee

**FROM:**   Brenda McLaurin-Small, EEO Counselor

## NOTICE OF RIGHT TO FILE A DISCRIMINATION COMPLAINT

On 8/16/17                 , you contacted an EEO Official to initiate the EEO pre-complaint process during which you alleged: (if additional space is required, use a blank sheet)

You were discriminated against based on Race (Black) and subjected to Harassment, with issues of Assignment of Duties and Harassment/Non-Sexual.

This is to inform you that, because the matters brought to our attention have not been resolved, you are now entitled to file a formal discrimination complaint with the Department of Treasury.

If you wish to file a formal complaint, it must be in writing, signed by you or your representative (if designated), and filed within **fifteen (15) calendar days after receipt of this Notice.** The complaint form and instructions for filing are available at:  http://www.treasury.gov/about/organizational-structure/offices/Mgt/Pages/discrimination-complaint.aspx

If you did not contact and EEO Official within 45 days from the date of the matter you allege to be discriminatory, or if you do not file the formal complaint within 15 calendar days of receipt of this Notice, please attach to your complaint an explanation of why you did not meet the time requirements.  The Department will evaluate this information when deciding whether to accept your complaint for investigation.

If you are an employee of the Department of the Treasury, all correspondence will be e-mailed to your official e-mail address (unless you designate otherwise) and to the e-mail address of any representative.

If you believe you were subjected to prohibited age discrimination (40 years of age and older), as an alternative to filing a complaint under the Equal Employment Opportunity Commission regulations, you may file a civil action in an appropriate U.S. District Court under the Age Discrimination in Employment Act against Steven Mnuchin, Secretary of the Treasury, provided that you inform the EEOC of your intent to sue at least 30 calendar days in advance of filing suit.  Such notice must be filed in writing with EEOC, at P.O. Box 77960, Washington, DC  20013, or by personal delivery of facsimile within 180 days of the occurrence of the alleged unlawful practice.

If you are filing on the basis of sexual orientation (LGBT), you may also elect to file with the Office of Special Counsel (www.osc.gov).

I certify that I transmitted this notice on 11/2/17             by the method specified below.

This notice was transmitted by:        ☑ e-mail

                                                       cc:

                                                       ☐ certified mail
                                                            number:

                                                       ☐ hand delivery

                                                       _____
                                                       Complainant's Signature

EEO Counselor's signature:  **5DDBB**    Digitally signed by 5DDBB
                                         DN: cn=5DDBB,
                                         email=Brenda.L.McLaurin@irs.gov
                                         Date: 2017.11.02 13:17:07 -04'00'

To file a formal EEO Complaint, you may fax your completed Treasury Individual Complaint form to the fax number below **OR** mail it to the Department of Treasury, using the address below.

**To Fax or Mail Complaint Form**

*While submitting electronically is Treasury's preferred method, if you do not have computer access, a Complaint Form can be sent by fax or mail.  If mailed, timeliness will be determined by the postmark date.  If faxed, timeliness will be determined by the date of transmittal.*

**Fax the form to: 202-622-0367** or mail it to:

**Department of the Treasury
Director, Office of Civil Rights and Diversity
1500 Pennsylvania Avenue NW
Washington, DC 20220**

To submit the form electronically, follow the instructions below:

1) In the Notice of Right to File issued by your EEO Counselor, scroll down to **Page 2** of that document.
2) In the third paragraph of the form, click on the link highlighted in blue.
3) Scroll down to Step 1 choose the correct option **"Current Treasury Employees" OR use the option for FORMER Employee/Applicant.**
4) Click on the words "click here to access the form", then click open to open the form.
5) Click into each box to fill out the requested information.
6) Click on the red box in **#24** to electronically sign the document.
7) Click file, save as, then name the form something like **"FORMAL",** then save it to your desktop (so you can easily find it).
8) Repeat steps **#1 and #2** above again, to access the main page.  Then scroll down and complete the requested information.
9) Click on the box that says "browse".  Then click on desktop on the left, then scroll down to find the form you named **"FORMAL"** in step #7.  When you click on the word formal, it will attach the document to your form.
10) If you have additional forms or documents to attach, click on **"add another"** under the **browse** box.
11) Once all documents are uploaded, click on **"SUBMIT"** to send the document.

**If you encounter problems, contact your EEO Counselor for assistance.**

# EEO COUNSELING REPORT – INDIVIDUAL COMPLAINT

**PART I (Through initial interview)** Use a continuation sheet if necessary.

| 1. Director, Office of Civil Rights and Diversity: | 2. EEO and Diversity Manager, [Office], Territory - XX | 3. EEO Counselor, [Office], Territory – XX | 4. Date Counseling First Sought: |
|---|---|---|---|
| Department of the Treasury Director, Office of Civil Rights and Diversity (OCRD) 1500 Pennsylvania Avenue NW Washington, DC 20220 Fax: 202-622-0367 | Linda Ricketts, Manager Territory-1 East Equity, Diversity & Inclusion NHQ 400 West Bay Street Jacksonville, FL 32202-4410 Voice (904) 661-4201 E-Fax: (855) 842-0383 | Brenda McLaurin-Small EEO Specialist Territory-1 Equity, Diversity & Inclusion NHQ 135 High Street Stop 125 Hartford, CT 06103 Voice (860) 594-9001 E-Fax: (855) 842-0383 | **8/16/17** **5. Date of First Interview:** **9/14/17** |

**6. Employee or Applicant:** Name, Business or Home Address.
Employee: Official Job Title, Series and Grade.

**Office:**
Monica Taylor
Indiv. Taxpayer Adv.
Specialist, GS-0501-9
Wage and Investment
(CARE)
11309 Old Hwy 49
Gulfport, MS 39503-2642
monica.f.taylor@irs.gov
228-213-5037 (Desk)

**Residence:**
6139 Foxtail Drive
Mobile, AL 36693
251-463-9085
Msweetdream23@gmail.com
Designated Representative:
Carolyn Geary, Atty
www.gearylawfirm.net
435 Security Square
Gulfport, MS 39507
Tel.: (228) 265-5190
Fax: (800)-647-0794

**7. Basis or Type of Discrimination:**
Mark (X) where applicable.

| | | |
|---|---|---|
| [X] | Race → | Black |
| [ ] | Color → | |
| [ ] | National Origin → | |
| [ ] | Religion → | |
| [ ] | Sex: | Male → [ ]   Female → [ ]   LGBT → [ ] |
| [ ] | Age | Date of Birth → |
| [ ] | Disability: | Mental→ [ ]   Physical → [ ] |
| [ ] | Retaliation/ Reprisal (IRS 12-0393) | |
| [ ] | Other → | Sexual Orientation → [ ] |
| | | Parental Status → [ ] |
| | | Protected Genetic Information → [ ] |

**8. Matter Causing Complaint or Issue:** Mark (X) where applicable.

| | | | |
|---|---|---|---|
| [ ] | Appointment/Hire | [ ] | Reassignment Denied |
| [X] | Assignment of Duties | [ ] | Reassignment Directed |
| [ ] | Awards | [ ] | Reasonable Accommodation |
| [ ] | Convert to Full-time | [ ] | Reinstatement |
| [ ] | Demotion | [ ] | Retirement |
| [ ] | Duty Hours | [ ] | Removal |
| [ ] | Evaluation/Appraisal | [ ] | Reprimand |
| [ ] | Examination / Test | [ ] | Suspension |
| [X] | Harassment (Non-sexual) | [ ] | Termination |
| [ ] | Harassment (Sexual) | [ ] | Terms/Conditions of Employment |
| [ ] | Medical Examination | [ ] | Time and Attendance |
| [ ] | Other Disciplinary Action | [ ] | Training |
| [ ] | Pay Including Overtime | [ ] | Sex-Stereotyping* |
| [ ] | Promotion/Non Selection | | |

*There must also be an adverse action issue reported.

**9. An EEO Counselor cannot reveal the identify of a person who has come for counseling, except when authorized to do so by the person counseled.** Mark (X) where applicable.

Is Complainant willing to have his/her name revealed during the counseling stage?   YES → [X]   NO → [ ]

If answer is "Yes", Complainant must give permission by signing name here:

| 10. Organization Where Alleged Discrimination Occurred and Date of Occurrence: | 11. Give date Complainant became aware of alleged discrimination if substantially different from that shown in #10. Explain. |
|---|---|
| W&I Care, Gulfport, MS 7/7/17 | N/A |

**12.** If complaint appears to be untimely, what explanation is offered to explain why EEO Counselor was not contacted within 45 days?

*N/A*

**13.** Provide a brief description of complaint, summarizing actions which caused counseling to be sought and which Complainant believes are discriminatory.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

BIRMINGHAM DISTRICT OFFICE

Ridge Park Place, Suite 2000

1130-22nd Street, South

Birmingham, Al 35205-2870


MONICA TAYLOR                           EEOC NO.

                                                            420-2019-00246X

Complainant,

v                                                          Agency No.

                                                            IRS-17-0778-F


STEVEN T. MNUCHIN, SECRETARY                   October 29, 2019

Department of Treasury.


    Respondent Agency,


                Appeal to Motion for Dismiss Final Agency Decision (FAD)

                    To the EEOC Office Federal Operations (OFO)


August 24, 2018 APPEAL WAS FILE THE FINAL DECISION. Base on the information was
incorrectly sited, contains wrong dates. This fall in Law of rule of evidence apply.

1. Under Canon of The Code of conduct require to be independent and unbiased in a legal
   proceeding while still of following the Law.
2. Judges must maintain the highest standard of personal conduct practice integrity in every
   of Judicial practice.
3. On This day October 23, 2019 the Judge advise during the hearing this Honorable Court
   did instruct opposing parties to file Motion to Dismiss Complaint which prejudice Law.

4.  The Court Instruct opposing parting further denied Complainant Due Process of the Law and to be heard by an impartial Tribunal.

An Amended order was File on March 1, 2019, DIRECTING AGENCY PRODUCE INVESTGATION FILE AND FILES AND OTHER INFORMATION.  # 1 See Attachment

The Investigation shall be was produced to the EECO consistent with the August 18,2015 "Federal Sector Portal (FED/SED Hearings User Guide)" they ask for any amendment to the user guide.

Failure to comply it's own general policy and procedure deadline comply, by producing their fact-finding investigation. The Agency fails to produce to the request information within fifteen (15) days of receipt of this order.

a.  Agency Fail to Produce the information or testimony pertain to be established
b.  Issue a decision fully or partially in favor of the opposing parting
c.  Exclude other evidence offered by the party failing to produce the requested information or witness;
d.  Draw an adverse inference that the request information or the testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;

A Sanction was imposed upon the no evidence was produced 26 March 2019 29 C.F.R. 1614. 109(f)(3)
The Complaint of 1992 "Patterson v Department of Agriculture

 Asking the court  the Agency  fail to produce the information  asking the court to reject the motion and do it's duty  The Respondent Motion to Dismiss is without Merit nor supported by any documentary Evidence as to support dismissal.

 Addressing the FAD issue and observing the date July 30, 2018, the looking at the date Admen To the Order just took place in March 1, 2018, the took place March 26, information was send out it problem was out of error and confusing.

All I know that when I call to ask to ask question this case have been drawn out. THE APPEAL ON THE ON THE FINAL DESION.


The information contain in the reports was wrong. I have enclosed a copy of the document asking of the Agency to comply.  Failure to Comply to Order.  # See 2. Attachment

The Agency failed to produce the requested information within (15) days of receipt of courts order,


MONICA TAYLOR

*MONICA TAYLOR*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**BIRMINGHAM DISTRICT OFFICE**
Ridge Park Place, Suite 2000
1130 - 22nd Street, South
Birmingham, AL 35205-2870

| | | |
|---|---|---|
| MONICA TAYLOR, | : | EEOC No. |
| | : | 420-2019-00246X |
| Complainant, | : | |
| | : | Agency No. |
| v. | : | IRS-17-0778-F |
| | : | |
| CHARLES P. RETTIG, | : | |
| Of the Internal Revenue Service, | : | |
| | : | |
| Respondent Agency | : | |

## ORDER DIRECTING AGENCY TO PRODUCE  AGENCY INVESTIGATION FILE, AND OTHER INFORMATION

---

**☞ATTENTION☜**

This Order contains new or revised provisions and may be further revised in the future. Parties and parties' representatives, therefore, should read the Order carefully each time it is issued and not rely on their knowledge of the contents of earlier versions.

The Report of Investigation (ROI) is required to be submitted to the EEOC no later than 15 days of the Agency's receipt of the Complainant's request for a hearing. The Agency should not wait until a hearing request has been received by EEOC to upload the ROI in FED/SEP, and may upload the ROI prior to the expiration of the 15 days.

---

### Hearing Request

1. On or about (May 21, 2018), this office received a hearing request from Complainant in the above-referenced complaint.

### Produce Agency Contact Information

2. The Agency shall produce the complete name and address of the office (and the name, email address and phone number for a contact person in the office) to whom the Equal Employment Opportunity Commission ("EEOC") should send the following documents and information:

   a. future orders to produce the Agency Investigative File (*i.e.*, Complaint File and Report of Investigation), and demand letters associated with production of the Investigative File;

    b.  future show cause orders, and related orders, associated with the Agency's production of the Investigative File; and,

    c.  future final orders issued by Administrative Judges.

### Produce Electronic Complaint File

3.  Within 15 days of receipt of this Order, or from receipt of Complainant's request for a hearing, the Agency shall produce to the Administrative Judge an electronic copy of the complete Agency Investigation File (*i.e.*, the complete Complaint File, and the complete Report of Investigation) for the above-referenced EEO Complaint. The Agency also shall send an identical copy of the complete Agency Investigation File to the Complainant, if it has not previously done so. 29 C.F.R. 1614.108(g); EEO MD-110, Chapter 7, Sections I and II. The Complaint File shall be produced even where no investigation was conducted, or where there is an incomplete investigation.

4.  The Investigation shall be produced to the EEOC consistent with the August 18, 2015 "Federal Sector Portal (FED/SEP Hearings User Guide)," and any amendments to the user guide.

5.  If the Agency fails to produce the requested information within fifteen (15) days of receipt of this Order, or to show good cause why it has not done so, the Administrative Judge may impose sanctions set out in 29 C.F.R. § 1614.109(f)(3) as follows:

    a.  draw an adverse inference that the requested information, or the testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;

    b.  consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

    c.  exclude other evidence offered by the party failing to produce the requested information or witness;

    d.  issue a decision fully or partially in favor of the opposing party; or

    e.  take such other actions as it deems appropriate.

6.  The sanctions may include the Agency being required to bear the costs of the Complainant's discovery, and/or subjected to the imposition of attorney fees. See, EEO MD-110, Chapter 5, Section V(C). MD-110, Chapter 6(XII); *See* 29 C.F.R. § 1614.108(b).

### Contents of the Complaint File

7.  The *redacted* Complaint file shall have a title page and contain all documents pertaining to the complaint, including the documents listed at EEO MD-110, Chapter 6, Section VIII.

8.  In addition to the features prescribed by EEO MD-110, Chapter 6, Section VIII for paper or printed files (e.g., an index of the file contents, section dividers and a signed and dated summary of the investigation containing a discussion and analysis of the evidence by the investigator), the electronic Complaint file shall incorporate the following features:

    a.  Electronic bookmarks corresponding to the file index and section dividers of the paper file;

    b.  Sequentially numbered pages starting with the *first* page of the file. **All pages** in the report of investigation must be accounted for in the page numbering of the

document, including the cover page and any administrative documents, in order for the numbers in the paper file to match precisely the numbers in the electronic file. An individual entering page number 150 into Adobe Acrobat should come to the exact same page as an individual turning to page 150 of the paper file. Administrative documents added after the paper file was compiled may be submitted in a separate PDF file; and,

c. File made key-word searchable by performing Optical Character Recognition (OCR) scan.

## Administrative Judge Assignment

9. When an Administrative Judge is assigned, you will be notified. Until then, all correspondence and materials should be submitted to the undersigned.

IT IS SO ORDERED, this 28th day of February, 2019

For the Commission:

MASON BARRETT
Chief Administrative Judge
Federal Hearings Unit
mason.barrett@eeoc.gov
Telephone: (205) 212-2036
Facsimile: (205) 212-2025

## CERTIFICATE OF SERVICE

For timeliness purposes, the Commission will presume that the Parties received the foregoing **Order to Produce** immediately upon electronic mail ("E-Mail") delivery, or within five (5) days of receipt by first-class mail U.S. Mail, whichever day is sooner.   I certify that on February 28, 2019, this **Order to Produce** was sent by first-class U.S. Mail or email, as set forth below:

### COMPLAINANT

Monica Taylor
6139 Foxtail Drive
Mobile, Al 36693
Sent *via*: First-Class Mail

### FOR THE AGENCY

Department of Treasury
Paul Wolfteich, Chief Counsel
401 14th Street, SW, Room 561
Washington, DC 20227
Email: paul.wolfteich@fiscal.treasury.gov
Sent *via*: First-Class Mail

Date:   February 28, 2019

*Valerie Bogus*

_____
Valerie Bogus
Legal Assistant
Email: valerie.bogus@eeoc.gov



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Monica Taylor, a/k/a
Stormy M.,[1]
Complainant,

v.

Steven T. Mnuchin,
Secretary,
Department of the Treasury
(Internal Revenue Service),
Agency.

Appeal No. 2019000168

Agency No. IRS-17-0778-F

DECISION

Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's July 30, 2018, final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. For the following reasons, the Commission AFFIRMS the Agency's final decision.

BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as an Individual Taxpayer Advisory Specialist at the Agency's Wage Investment division in Gulfport, Mississippi. Complainant stated that in 2015, she was subjected to a Treasury Inspector General for Tax Administration (TIGTA) investigation based on a complaint from a taxpayer. Complainant stated that on July 7, 2017, the taxpayer informed Complainant that a management official had convinced her to file the complaint about Complainant. Report of Investigation (ROI) at 49,2.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                            2019000168

Complainant stated that on July 13, 2017, she began a period of leave and on September 5, 2017, she learned that she was "deleted" from the Agency's system when she received a letter from her healthcare provider stating that she was not covered. ROI at 121.

On November 6, 2017, a sewage issue resulted in the closure of the Gulfport building, and the employees were provided administrative leave for the remainder of the day. On November 9, 2017, Complainant emailed her managers requesting help. Complainant stated that due to the sewage issue, she had been coughing from the smell. Complainant stated that the Agency has her medical information from a reasonable accommodation request from a couple of years ago. ROI at 315-16.

On November 30, 2017, Complainant filed an EEO complaint alleging that the Agency discriminated against her on the bases of race (African-American) and disability (distress, anxiety, depression, fear, humiliation, intimidation, ulcers, insomnia, PTSD, epilepsy, and chronic asthma), and in reprisal for prior protected EEO activity when:

1.    on unspecified dates in 2017, the Agency placed Complainant on leave without pay (LWOP) and deleted her from the Agency system, resulting in a denial of healthcare benefits; and

2.    after sewer spills in October and November 2017, the Agency failed to provide a reasonable accommodation.

The Agency informed Complainant that it was accepting the above claims, but dismissing the following claims:

3.    Whether the Agency subjected Complainant to harassment when in June 2017, she learned that TIGTA began an investigation, after a manager encouraged a customer to complain about her; and on November 7, 2017, Complainant learned that TIGTA referred the results of the investigation to the Agency for potential action; and

4.    Whether the Agency subjected Complainant to harassment when in 2013, an unidentified individual complained to Complainant's supervisor regarding her behavior; in 2013, Complainant and a Taxpayer Advocate had a disagreement; in 2012, an unnamed taxpayer complained about Complainant; and in 2011, Complainant was blamed for placing a note on the front door.

The Agency stated that claim 3 was dismissed for failure to state a claim because it was an attack on a TIGTA investigation, which was a collateral attack on a separate process. In addition, claim 4 was dismissed for untimely contact with an EEO counselor. ROI at 68-9. At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge (AJ). In accordance with Complainant's request, the Agency issued a final decision pursuant to 29 C.F.R. § 1614.110(b).

For claim 1, the Agency found that the record showed that Complainant requested over 800 hours of leave throughout the year. The Agency noted that Complainant's claim seemed to be that she believed that she should have been provided paid leave based on her Office of Workers' Compensation Program (OWCP) claim. However, Complainant's OWCP claim was denied, and she was not entitled to paid leave for her absences. The Agency found that S1 appropriately granted Complainant LWOP, and other forms of requested leave. Regarding Complainant's claim that she was "deleted" from the system, the Agency found that the records show that Complainant was not deleted, but when she was placed on LWOP, she received a bill from her healthcare provider since her premiums were not automatically deducted from her pay. The Agency found that there was no evidence that management's actions were motivated by discriminatory, or retaliatory, animus.

The Agency also found that Complainant was provided with a reasonable accommodation when she was allowed to take time off and the building manager was contacted about diluting the cleaning chemicals. The Agency noted that there was no evidence of a sewage spill in October 2017. The Agency found that given the unpredictability of the November 2017 sewer spill, the temporary nature of the incident, and the swift and appropriate actions by her managers, Complainant was effectively accommodated. The decision concluded that Complainant did not prove that the Agency subjected her to discrimination as alleged.

On appeal, Complainant argues that the Agency failed to accommodate her verbal requests to work temporarily at the Mobile location or pay for the time that she was off. Complainant also alleges that she was discriminated against regarding the taxpayer's false complaint against her.

## ANALYSIS AND FINDINGS

*Standard of Review*

As this is an appeal from a decision issued without a hearing, pursuant to 29 C.F.R. § 1614.110(b), the Agency's decision is subject to de novo review by the Commission. 29 C.F.R. § 1614.405(a). See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, at Chap. 9, § VI.A. (Aug. 5, 2015) (explaining that the de novo standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and . . . issue its decision based on the Commission's own assessment of the record and its interpretation of the law").

As an initial matter, we note that the Commission has the discretion to review only those issues specifically raised in an appeal. See id., at Chap. 9, § IV.A.3. On appeal, Complainant did not challenge the Agency's decision for claim 1, or the Agency's procedural dismissal of claim 4; as such, we will not address these issues in the instant decision. Even if claim 1 is being contested, we find that Complainant has not shown that the Agency's reasons for its actions were a pretext for discrimination. Furthermore, even if Complainant is contesting claim 4, we agree with the Agency that Complainant failed to timely contact an EEO Counselor and thus this claim is properly dismissed.

4                                                        2019000168

*Procedural Dismissal*

We find that Complainant's claim of discrimination with regard to the taxpayer's complaint against Complainant, which resulted in a TIGTA investigation, should be dismissed pursuant to 29 C.F.R. § 1614.107(a)(1), for failure to state a claim. The Commission has consistently held that being the subject of an inspector general investigation does not render an individual aggrieved under the EEOC's regulations. See Mattocks v. Dep't of the Navy, EEOC Request No. 05950549 (Aug. 29, 1996). Moreover, the Commission has previously specifically held that being the subject of a TIGTA investigation fails to state a claim. See Barnes v. Dep't of the Treasury, EEOC Appeal No. 0120072713 (Sept. 5, 2007); Parrelli-Ball v. Dep't of the Treasury, EEOC Appeal Nos. 01A35160, 01A42474 (Apr. 21, 2004). Accordingly, we AFFIRM the Agency's procedural dismissal of Complainant's claim regarding the TIGTA investigation.

*Failure to Provide Reasonable Accommodation*

In order to establish that Complainant was denied a reasonable accommodation, Complainant must show that: (1) she is an individual with a disability; (2) she is a qualified individual with a disability; and (3) the Agency failed to provide a reasonable accommodation. See EEOC Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, EEOC Notice No. 915.002 (Oct. 17, 2002). "The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m). An agency is required to make reasonable accommodation to the known physical and mental limitations of a qualified individual with a disability unless the Agency can show that accommodation would cause an undue hardship. See 29 C.F.R. §§ 1630.2(o), (p).

Assuming, arguendo, that Complainant is a qualified individual with a disability, we find that she has not shown that the Agency failed to provide her a reasonable accommodation. On appeal, Complainant asserts that she verbally requested to temporarily work in the Agency's Mobile location and was not paid for leave following the sewage spill. However, Complainant's first-line supervisor stated that Complainant did not request to work in the Mobile Office and that she was granted additional leave, after the building reopened. ROI at 687,699.

Complainant bears the burden to prove, by a preponderance of the evidence, that the alleged discriminatory acts occurred. When the evidence is at best equipoise, Complainant fails to meet that burden. See Lore v. Dep't of Homeland Security, EEOC Appeal No. 0120113283 (Sept. 13, 2013) (complainant failed to establish that witnesses made false statements where he withdrew his request for a hearing and credibility determinations were unable to be made): Brand v. Dep't of Agriculture, EEOC Appeal No. 0120102187 (Aug. 23, 2012) (complainant failed to establish that his coworker made offensive comments in a "he said, she said" situation where complainant requested a final decision and an Administrative Judge did not make credibility determinations).

5                                                                        2019000168

Therefore, we find that Complainant has not established that the Agency failed to accommodate her because she has not shown that she requested to work in the Mobile location as an accommodation, or that the Agency failed to provide additional leave, following the sewage spill in Complainant's building.

CONCLUSION

Accordingly, we AFFIRM the Agency's final decision.

STATEMENT OF RIGHTS - ON APPEAL
RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.   The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.   The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party. Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.

6                                                                2019000168

If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:


Carlton M. Hadden, Director
Office of Federal Operations



<u>December 3, 2019</u>
Date

7                                                    2019000168

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Monica Taylor
6139 Foxtail Drive
Mobile, AL  36693


Mariam G. Harvey, Director, EO Programs
Department of the Treasury
Office of Civil Rights and Diversity
1500 Pennsylvania Avenue NW
Washington DC 20220


December 3, 2019
Date

Compliance and Control Division



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C.  20220

Monica Taylor
6139 Foxtail Drive
Mobile, AL 36693

**ACCEPTANCE/PARTIAL DISMISSAL**
Monica Taylor v.
Steven T. Mnuchin, Secretary of the
Treasury
TD Case No. IRS-17-0778-F

Dear Ms. Taylor:

In accordance with the Equal Employment Opportunity Commission (EEOC) regulations at 29 C.F.R. Part 1614, the above referenced complaint of discrimination filed on November 17, 2017, will be processed as explained below.

The following claims are **accepted** for investigation:

1. **Whether the agency subjected Complainant to discrimination based on her race (Black), disability, and in retaliation to prior protected activity when:**

   A. **On unspecified dates in 2017, the agency placed Complainant on LWOP, and deleted her from the agency computer system, resulting in a denial of healthcare benefits; and**
   B. **After sewer spills in October and November 2017, the agency failed to provide reasonable accommodation.[1]**

The following claims are **dismissed** and will not be investigated:

2. **Whether the agency subjected Complainant to harassment on the same bases when in June 2017 Complainant learned that the Treasury Inspector General for Tax Administration (TIGTA) began an investigation after a manager encouraged a customer to complain about her, and on November 7, 2017, she learned TIGTA referred the results of the investigation to the agency for potential action.**

---

[1] A fair reading of the complaint and the Report of Counseling, and follow-up discussions with Complainant indicates that the Complainant raised all three bases, although the complaint listed only race and retaliation on the formal complaint.

3. **Whether the agency subjected Complainant to harassment on the same bases when in 2013 an unidentified individual complained to Complainant's supervisor regarding Complainant's behavior; in 2013 Complainant and a Taxpayer Advocate had a disagreement; in 2012 an unnamed taxpayer complained about Complainant; and in 2011, Complainant was blamed for placing a note on the front door.**

We dismiss Claim 2 for failure to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1). Regarding any challenge to the propriety of the 2014-2015 TIGTA investigation or how it began, the EEOC has long noted that TIGTA operates as an independent agency. TIGTA operates as an Inspector General, and the Commission has concluded that attacks on a TIGTA investigation amount to collateral attacks on a separate process. To the extent Complainant attempts to challenge the referral of the results of the TIGTA investigation, at this point she cannot show any harm, and the likelihood of harm is at best speculative. *See Gretchen M. v. Department of the Treasury*, Appeal No. 0120160516 (April 12, 2016)(noting the risk of a disciplinary action is insufficient to state a claim.) We note that if the agency eventually takes disciplinary action against Complainant, Complainant may then return to EEO counseling, and file a complaint to challenge the disciplinary action through the EEO process.

We dismiss Claim 3 as untimely pursuant to 29 C.F.R. § 1614.107(a)(2). The events in Claim 3 occurred between 2011 and 2013, and none appear like or related to any of the events stated in Claim 1. Moreover, Complainant fails to explain why she waited until August 16, 2017, to contact an EEO Counselor on these matters. (*See* complaint, Box 22.)

 Pursuant to 29 C.F.R. § 1614.107(b), the determination to dismiss claims is only reviewable by an EEOC Administrative Judge (AJ) if a hearing is requested on the remainder of the complaint, but it is not appealable until final action is taken on the remainder of the complaint.

If you believe that the claims are improperly formulated, incomplete, or incorrect, you may notify Barbara Strong by e-mail at barbara.strong@treasury.gov *within five days* of your receipt of this letter to state your disagreement. If you submit a statement, please be clear and concise. If you do not contact this office within five calendar days, it will be assumed that the claims were correctly stated. Please keep in mind that the purpose of this letter is simply to identify factual events that will be accepted for investigation. You will have the opportunity to provide additional details, evidence, and arguments about the events to the investigator who will be assigned to your case.

**Start of the Investigation**
The Department of the Treasury will appoint an EEO investigator to investigate the accepted claims. All parties have a duty to cooperate with the investigator. The investigator will allow all parties to submit evidence. The investigator has the authority to administer oaths and require agency personnel to participate in face-to-face interviews or to provide information through document requests, interrogatories, or

affidavits.  If you have questions regarding the confidentiality of information you are submitting to the investigator, you are advised to contact your bureau disclosure officials before submitting the information.

Evidence gathered by the investigator is protected from improper disclosure under the Privacy Act.  The material which will be provided to you in the form of the Investigative File (or earlier, to provide you an opportunity for rebuttal) is also confidential and **may not be released by you except to your representative**.  A willful violation of the Privacy Act may result in criminal penalties.  5 U.S.C. 552a(i).

Usually, the investigation must be completed within 180 days of filing the formal complaint.  You may agree to extend the period by 90 days.  29 C.F.R § 1614.108(e).

**Sanctions for Failure to Cooperate**
EEOC regulation 29 C.F.R. § 1614.107(a)(7) provides for dismissal of a complaint if a complainant fails to provide relevant information, and there is not sufficient information in the record to adjudicate the matter.  The complainant's affidavit is considered relevant information.

Further, 29 C.F.R. § 1614.108(c)(3) instructs:

When the complainant, or the agency against which a complaint is filed, or its employees fail without good cause shown to respond fully and in timely fashion to requests for documents, records, comparative data, statistics, affidavits, or the attendance of witness(es), the investigator may note in the investigative record that the decision-maker should, or the Commission on appeal may, in appropriate circumstances:

(i)   Draw an adverse inference that the requested information, or the testimony of the requested witness, would have reflected unfavorable on the party refusing to provide the requested information;

(ii)  Consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

(iii) Exclude other evidence offered by the party failing to produce the requested information or witness;

(iv)  Issue a decision fully or partially in favor of the opposing party; or

(v)   Take such other actions as it deems appropriate.

The creation of an appropriate factual record is not possible without your cooperation and failure to cooperate may result in the dismissal of this complaint.

**Additional Claims**

Pursuant to 29 C.F.R. § 1614.106(d), you may amend the complaint at any time prior to the end of the investigation to include issues or claims that are like or related to those raised in the complaint. If the additional issues or claims are not like or related to the current complaint, they cannot be included, and you must initiate contact with an EEO counselor within 45 days of the incident. When a complaint has been amended, the agency shall complete its investigation within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing of the original complaint. 29 C.F.R. § 1614.106(e)(2). If after 180 days (or 270 days if you grant an extension) the investigation is not complete, you may request a hearing from an EEOC Administrative Judge (AJ). 29 C.F.R § 1614.108(h).

**End of the Investigation**

When the investigation is completed, you will receive a copy of the investigative file. At that time, you will have 30 days to choose one of the following courses of action:

1. Request a Final Agency Decision (FAD) from the Department of the Treasury pursuant to 29 C.F.R § 1614.110(b); or

2. Request the EEOC appoint an AJ to conduct a hearing and issue a decision pursuant to 29 C.F.R § 1614.108(h).

You will have the right to appeal the outcome to the EEOC, Office of Federal Operations. 29 C.F.R. § 1614.401(a). Should you choose to request a hearing on this complaint before an AJ, the request should be sent to:

Equal Employment Opportunity Commission
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205

In accordance with 29 C.F.R. § 1614.108(g), you must also send a copy of any request for a hearing to this office at:

Office of Civil Rights and Diversity
Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

**Right to file a Civil Action**

Pursuant to 29 C.F.R. § 1614.407, you have the right to file a civil action in federal district court:

1. Within 90 days of receipt of the Department of the Treasury's final action if no appeal has been filed;

4

2. After 180 days from the date of filing a complaint if no appeal has been filed and no final action on the complaint has been issued;

3. Within 90 days after receipt of the EEOC's final decision on appeal; or

4. After 180 days from the date of filing an appeal with the EEOC if there has been no final decision.

**Alternative Dispute Resolution**

In accordance with 29 C.F.R. § 1614.603, the parties must make reasonable efforts to voluntarily settle the complaint throughout the complaint process. Alternative Dispute Resolution (ADR) is a procedure used to provide complainants and Treasury bureaus an opportunity to resolve complaints at the earliest stage possible with the mutual agreement of both parties. *At this time, you are invited to participate in ADR.* If you are interested in ADR, please contact our ADR Coordinator, Clarissa Lara, *within five days* of the date you receive this letter by e-mail at clarissa.lara@treasury.gov. If ADR is successful, the terms of any settlement agreement will be reduced to writing, and you will be provided a copy. Please be advised that the use of ADR or other settlement attempts do not stop or delay the investigative process.

At all times, you are responsible for advising this office of any changes to your contact information; failure to do so may result in this complaint being dismissed. If you have any further general questions regarding the processing of this complaint, please contact Venetia McCombs by e-mail at venetia.mccombs@treasury.gov.

Sincerely,

# Mariam G. Harvey

Digitally signed by Mariam G. Harvey
DN: c=US, o=U.S. Government,
ou=Department of the Treasury,
ou=Departmental Offices, ou=People,
serialNumber=200095, cn=Mariam G.
Harvey
Date: 2017.12.19 11:48:29 -05'00'

Mariam G. Harvey
Director
Office of Civil Rights and Diversity

cc:
Palinda J. Willoughby, Territory EEO Assistant, Internal/External Civil Rights, EDI, IRS
Jeffrey M. Gross, Technical Advisor, Internal/External Civil Rights, EDI, IRS



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**BIRMINGHAM DISTRICT OFFICE**
Ridge Park Place, Suite 2000
1130 - 22nd Street, South
Birmingham, AL 35205-2870

| | | |
|---|---|---|
| MONICA TAYLOR, | : | EEOC No. |
| | : | 420-2019-00246X |
| Complainant, | : | |
| | : | |
| | : | Agency No. |
| v. | : | IRS-17-0778-F |
| | : | |
| CHARLES P. RETTIG, | : | |
| Of the Internal Revenue Service, | : | |
| | : | |
| Respondent Agency | : | |
| | : | |

## AMENDED ORDER
## DIRECTING AGENCY TO PRODUCE AGENCY
## INVESTIGATION FILE, AND OTHER INFORMATION

---

**⊃ATTENTION⊂**

This Order contains new or revised provisions and may be further revised in the future. Parties and parties' representatives, therefore, should read the Order carefully each time it is issued and not rely on their knowledge of the contents of earlier versions.

The Report of Investigation (ROI) is required to be submitted to the EEOC no later than 15 days of the Agency's receipt of the Complainant's request for a hearing. The Agency should not wait until a hearing request has been received by EEOC to upload the ROI in FED/SEP, and may upload the ROI prior to the expiration of the 15 days.

---

### Hearing Request

1. On or about (May 21, 2018), this office received a hearing request from Complainant in the above-referenced complaint.

### Produce Agency Contact Information

2. The Agency shall produce the complete name and address of the office (and the name, email address and phone number for a contact person' in the office) to whom the Equal Employment Opportunity Commission ("EEOC") should send the following documents and information:

    a. future orders to produce the Agency Investigative File (*i.e.*, Complaint File and Report of Investigation), and demand letters associated with production of the Investigative File;

b. future show cause orders, and related orders, associated with the Agency's production of the Investigative File; and,

c. future final orders issued by Administrative Judges.

## Produce Electronic Complaint File

3. Within 15 days of receipt of this Order, or from receipt of Complainant's request for a hearing, the Agency shall produce to the Administrative Judge an electronic copy of the complete Agency Investigation File (*i.e.*, the complete Complaint File, and the complete Report of Investigation) for the above-referenced EEO Complaint. The Agency also shall send an identical copy of the complete Agency Investigation File to the Complainant, if it has not previously done so. 29 C.F.R. 1614.108(g); EEO MD-110, Chapter 7, Sections I and II. The Complaint File shall be produced even where no investigation was conducted, or where there is an incomplete investigation.

4. The Investigation shall be produced to the EEOC consistent with the August 18, 2015 "Federal Sector Portal (FED/SEP Hearings User Guide)," and any amendments to the user guide.

5. If the Agency fails to produce the requested information within fifteen (15) days of receipt of this Order, or to show good cause why it has not done so, the Administrative Judge may impose sanctions set out in 29 C.F.R. § 1614.109(f)(3) as follows:

   a. draw an adverse inference that the requested information, or the testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;

   b. consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

   c. exclude other evidence offered by the party failing to produce the requested information or witness;

   d. issue a decision fully or partially in favor of the opposing party; or

   e. take such other actions as it deems appropriate.

6. The sanctions may include the Agency being required to bear the costs of the Complainant's discovery, and/or subjected to the imposition of attorney fees. See, EEO MD-110, Chapter 5, Section V(C). MD-110, Chapter 6(XII); *See* 29 C.F.R. § 1614.108(b).

## Contents of the Complaint File

7. The *redacted* Complaint file shall have a title page and contain all documents pertaining to the complaint, including the documents listed at EEO MD-110, Chapter 6, Section VIII.

8. In addition to the features prescribed by EEO MD-110, Chapter 6, Section VIII for paper or printed files (e.g., an index of the file contents, section dividers and a signed and dated summary of the investigation containing a discussion and analysis of the evidence by the investigator), the electronic Complaint file shall incorporate the following features:

   a. Electronic bookmarks corresponding to the file index and section dividers of the paper file;

   b. Sequentially numbered pages starting with the *first* page of the file. **All pages** in the report of investigation must be accounted for in the page numbering of the

document, including the cover page and any administrative documents, in order for the numbers in the paper file to match precisely the numbers in the electronic file. An individual entering page number 150 into Adobe Acrobat should come to the exact same page as an individual turning to page 150 of the paper file. Administrative documents added after the paper file was compiled may be submitted in a separate PDF file; and,

c. File made key-word searchable by performing Optical Character Recognition (OCR) scan.

## Administrative Judge Assignment

9. When an Administrative Judge is assigned, you will be notified. Until then, all correspondence and materials should be submitted to the undersigned.

IT IS SO ORDERED, this 1st day of March, 2019

For the Commission:

_____

MASON BARRETT
Chief Administrative Judge
Federal Hearings Unit
mason.barrett@eeoc.gov
Telephone: (205) 212-2036
Facsimile: (205) 212-2025

building reopened." S2 responded to Complainant by stating Complainant was allowed time off after the spill and that S2 would contact the building manager and request they dilute the chemical cleaning solutions. IF Vol I at 289. IF Vol III at 686-687, 696-699.

E1, Reasonable Accommodation Coordinator, states "Our office was not able to locate a formal reasonable accommodation request regarding a November 2017 sewer spill…however the Complainant was allowed administrative leave and both issues were resolved in a timely fashion." IF Vol III at 745.

## APPLICABLE LAW

A claim of disparate treatment is examined under the three-part analysis first enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). For Complainant to prevail, she must first establish a prima facie case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, i.e., that a prohibited consideration was a factor in the adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802; *Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978). The burden then shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its actions. *See Tx. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Once the Agency has met its burden, Complainant bears the ultimate responsibility to persuade the fact finder by a preponderance of the evidence that the Agency acted on the basis of a prohibited reason. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).

Actions which may deter a reasonable person from engaging in the EEO process constitute retaliation. *Mroz v. Dep't of the Army,* EEOC Request No. 0120130344 (Apri123, 2013). Typically, the prima facie retaliation case requires evidence that: (1) the complainant engaged in protected activity; (2) the employer was aware of the protected activity; (3) the complainant was subsequently subjected to adverse treatment; and (4) a nexus exists between the protected activity and the adverse treatment. *Psak v. Dep't of the Interior,* EEOC Appeal No. 0120110118 (April 18, 2013).

The Rehabilitation Act of 19731 prohibits discrimination on the basis of disability. See 29 U.S.C. § 791 et seq.; 29 C.F.R. § 1630. To establish a prima facie case of disability discrimination under a disparate treatment and/or a failure to accommodate theory, a complainant must demonstrate that he or she: (1) is an individual with a disability; (2) is qualified for the position held or desired; (3) was subjected to an adverse personnel action under circumstances giving rise to an inference of disability discrimination and/or denied a reasonable accommodation. *Haralsen v. U.S. Postal Serv.*, EEOC Appeal No. 01996857 (March 1, 2012).

## ANALYSIS

Initially, we find Complainant is an individual with a disability within the meaning of the Rehabilitation Act. There is no evidence however that Complainant had been previously granted reasonable accommodation regarding her chemical sensitivity. S1 states that



### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### BIRMINGHAM DISTRICT OFFICE
Ridge Park Place, Suite 2000
1130 - 22nd Street, South
Birmingham, AL 35205-2870

| | | |
|---|---|---|
| **MONICA TAYLOR,** | : | **EEOC No.** |
| **Complainant,** | : | **420-2019-00246X** |
| | : | |
| **v.** | : | **Agency No.** |
| | : | **IRS-17-0778-F** |
| **STEVEN T. MNUCHIN, SECRETARY,** | : | |
| **Department of the Treasury,** | : | |
| | : | |
| **Respondent Agency,** | : | |

---

## DOCKETING ORDER

     This case has been assigned to AJ Bryan Douglas ("AJ Douglas"). All communications regarding the case shall be directed to AJ Douglas *via* E-Mail at bryan.douglas@eeoc.gov. The Administrative Judge ("AJ") will notify the parties of the next step in the hearings process. Parties whose cases are in mediation with an EEOC mediator shall continue with that process until its conclusion, at which point the AJ will contact the parties.

**Filing and Communicating with the Hearings Office -** Except as otherwise ordered, parties are required to utilize E-Mail to "file" and communicate with the AJ in their cases. Documents shall be E-Mailed in Microsoft WORD, and Adobe PDF (if the party has PDF access). **All E-Mail sent to the AJ shall be sent to the AJ's E-Mail address and** BIRMhearings@eeoc.gov.

     All E-Mail communications and submissions to the AJ shall include in the **"Subject Line"** of the E-Mail, in the following order, the following information: date of the submission (year-month-day), the title of the party submitting the E-Mail ("AG" for Agency, "CP" for Complainant), a title or description of the submission, and Complainant's name and EEOC complaint number.

     The title/description **(SEE EXAMPLE BELOW)** shall be sufficient to notify the AJ of precisely what is being submitted and distinguish the submission from other submissions.

1

## DEPARTMENT OF THE TREASURY FINAL AGENCY DECISION

In the matter of

Monica Taylor v. Steven T. Mnuchin, Secretary of the Treasury

TD Case No. IRS-17-0778-F

This decision concerns the above referenced complaint of discrimination against the Department of the Treasury. This complaint concerns alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

### PROCEDURAL CHRONOLOGY

| | |
|---|---|
| Alleged discriminatory actions: | 2017 |
| Counselor contact: | October 16, 2017 |
| Notice of Right to File issued: | November 2, 2017 |
| Notice of Right to File received: | November 2, 2017 |
| Formal complaint filed: | November 17, 2017 |
| Acceptance letter issued: | December 19, 2017 |
| Investigation completed: | April 17, 2018 |
| Distribution of Investigative File (IF): | April 30, 2018 |
| Authority | 29 C.F.R § 1614.110(b) |

### ISSUES

1. Whether the agency subjected Complainant to discrimination based on her race (Black), disability, and in retaliation for prior protected activity when:

   A. On unspecified dates in 2017, the agency placed Complainant on Leave Without Pay (LWOP), and deleted her from the agency computer system, resulting in a denial of healthcare benefits; and

   B. After sewer spills in October and November 2017, the agency failed to provide reasonable accommodation.

<u>Dismissal of Claims</u>

2. Whether the agency subjected Complainant to harassment on the same bases when in June 2017 Complainant learned that the Treasury Inspector General for Tax Administration (TIGTA) began an investigation after a manager encouraged

1