IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MONICA TAYLOR, )
    Plaintiff, )
)
v. ) CIVIL ACTION NO. 1:20-00583-CG-N
)
JANET YELLEN, )
Secretary, United States )
Department of the Treasury, )
    Defendant. )

## **REPORT AND RECOMMENDATIONS**

This civil action is before the undersigned *sua sponte* pursuant to Federal Rule of Civil Procedure 56(f). The Court previously notified the parties of its intent to award summary judgment in favor of nonmovant Defendant Janet Yellen[1] and directed the parties to file any relevant briefs or exhibits. (Doc. 15). Plaintiff Monica Taylor filed several documents in response (*see* Doc. 16, Doc. 17, Doc. 18, Doc. 19, Doc. 20, Doc. 21, Doc. 23, Doc. 24). Yellen filed a reply (Doc. 22) incorporating exhibits previously submitted with the Court. The summary judgment issue is under submission and ripe for resolution. Upon consideration, the undersigned **RECOMMENDS** that summary judgment be entered in favor of Yellen and Taylor's complaint (Doc. 1) be **DISMISSED with prejudice**.

### I. *Background*

In Taylor's complaint, she alleges that she suffered discrimination based on

---

[1] Taylor is suing Yellen in her official capacity as the Secretary of the Treasury. Yellen has been substituted for former Secretary of the Treasury Steven Mnuchin in this action pursuant to Federal Rule of Civil Procedure 25(d).

her sex, age, and disability while working for the Department of the Treasury's Wage and Investment Division in Gulfport, Mississippi. (Doc. 1, PageID.2). Taylor filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which accepted two of her four claims for review. (Doc. 1, PageID.18). After an investigation, the EEOC dismissed Taylor's claims. (Doc. 1, PageID.18–19). Taylor appealed, but the EEOC affirmed its initial decision. (Doc. 1, PageID.21). On December 3, 2019, the EEOC mailed Taylor its final decision along with a notice explaining her "right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date" she received the decision. (Doc. 1, PageID.22) (emphasis in original). Taylor initiated this civil suit on December 2, 2020—exactly ninety days after she claims to have received notice of the EEOC's final decision on September 3, 2020. (*See* Doc. 1, PageID.3).

Yellen filed a motion to dismiss Taylor's claims as untimely, noting that she likely received notice of the EEOC's final decision more than ninety days before filing the present suit. Yellen emphasizes that the right-to-sue letter included in Taylor's complaint contained a mailing certification dated December 3, 2019, making her claimed receipt on September 3, 2020 dubious. (*See* Doc. 9, PageID.68).

Given this discrepancy, the Court entered an order under Federal Rule of Civil Procedure 56(f) providing notice of its intent to recommend that summary judgment be issued in favor of Yellen because Taylor's claim appeared to be time barred under 42 U.S.C. § 2000e–5(f)(1). (Doc. 15, PageID.129). Taylor submitted several documents in response. Most of them repeat Taylor's substantive claims of discrimination

without mentioning her receipt of a right-to-sue letter from the EEOC. (*See* Doc. 17, Doc. 18, Doc. 19, Doc. 21, Doc. 23-1, Doc. 24).[2] Other filings do address Taylor's receipt of the letter. (*See* Doc. 14-2, Doc. 16, Doc. 20, Doc. 23). Yellen filed a reply to Taylor's response (Doc. 22), reiterating her position that Taylor's suit is untimely and adopting exhibits submitted earlier regarding her motion to dismiss—namely, the affidavit submitted by Angela Williams, an Administrative Specialist with the Department of Treasury (Doc. 13-2).

## II.   *Standard of Review*

Federal Rule of Civil Procedure 56(f) allows a district court to grant summary judgment *sua sponte*. It provides that "[a]fter giving notice and a reasonable time to respond," the court may "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if it might affect the outcome of the suit under governing law and it is 'genuine' if the evidence is such

---

[2] Taylor styles one of these filings (Doc. 21), along with a document filed before the briefing on the summary judgment issue (Doc. 14), as a "Motion to Complaint [sic]." These filings do not contain any discernible request for Court action (e.g., a request to amend her complaint). To the extent these filings can be construed as motions, they should be denied as moot as they do not address the timeliness of Taylor's complaint, *see infra* Section III.

3

that a reasonable jury could return a verdict for the nonmoving party." *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quotations omitted). "[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Jackson v. West*, 787 F.3d 1345, 1352 (11th Cir. 2015) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration adopted) (quotations omitted)).

### III.   *Analysis*

In her complaint using the Court's form, Taylor alleges that she received a copy of a right to sue letter from the EEOC on September 3, 2020—exactly ninety days before she initiated her suit on December 3, 2020. (Doc. 1, PageID.3). Yellen disputes this allegation by referencing attachments to Taylor's complaint (*see* Doc. 1, PageID.19), noting that "[o]n December 3, 2019, the U.S. Equal Employment Opportunity Commission, Office of Federal Operations issued its decision . . . rejecting [Taylor's] arguments and affirming the Agency's final decision." (Doc. 9, PageID.63). Yellen then cites the Certificate of Mailing included as part of Taylor's complaint, which indicates that the "EEOC Decision was mailed to all parties on December 3, 2019" with "the express language that 'for timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed' or by December 9, 2019." (Doc. 9, PageID.64) (quoting Doc. 1,

4

PageID.23) (footnote omitted). Yellen also submitts a sworn affidavit from Angela Williams, an Administrative Specialist with the Department of Treasury, stating that the Department of Treasury received notice of the EEOC's decision against Taylor on December 27, 2019. (Doc. 13-2, PageID.116). These facts combine, Yellen argues, to cast serious doubt on Taylor's claim that she received the right to sue letter from the EEOC just in time to file this civil action. (*See* Doc. 9, PageID.69).

Taylor's claims, which arise under Title VII and the Americans with Disabilities Act, must have been filed within ninety days of her notice of the EEOC's final decision. *See* 42 U.S.C. § 2000e–5(f)(1); *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964."). Once a party raises doubt about the timeliness of a suit under Title VII or the ADA, as Yellen has here, then the complainant (i.e., Taylor) "bears the burden of establishing that [s]he met the ninety day filing requirement." *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002) (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982)).

In the Eleventh Circuit, "the 90–day limitations period is to be analyzed 'on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond [her] control.'" *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quoting *Zillyette*, 179 F.3d at 1340). When the date of receipt is in dispute, the

5

Eleventh Circuit "has applied a presumption of three days for receipt by mail, akin to the time period established in Fed. R. Civ. P. 6(e)." *Id.* at 953 (citing *Zillyette,* 179 F.3d at 1342). While § 2000e–5(f)(1)'s time bar is subject to equitable tolling, such a remedy is "extraordinary" and must be established by the plaintiff. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004).

In the five filings that do address Taylor's receipt of the right to sue letter, she claims to have received the letter on four different dates. Taylor alleges in her complaint that she received the right to sue letter on September 3, 2020 (Doc. 1, PageID.3), but later submitted a declaration[3] indicating that she received the letter on December 27, 2019 (Doc. 14-2). After the Court directed her to submit any evidence relevant to a pending summary judgment award in Yellen's favor on the timeliness issue, Taylor submitted three more affidavits. The first two claimed receipt of the

---

[3] Taylor's declarations appear to be cribbed from Angela Williams's affidavit. For example, Taylor claims to have been employed by the Department of Treasury from "2006 to 2018." (Doc. 14-2; Doc. 16; Doc. 20; Doc. 23). However, in the following sentence Taylor states that she has "personal knowledge of the fact[s] set forth base[d] on my employment with [the] Department of Treasury on December 27, 2019[,] as an [sic] Taxpayer Advisory Specialist." (Doc. 14-2; *see also* Doc. 16; Doc. 20; Doc. 23 (claiming employment with the Department of Treasury on December 3, 2019). This mirrors the formatting and date provided in Angela Williams's affidavit. (*See* Doc.13-2). Taylor also claims to have stamped the decision as received by the Department of Treasury, while acknowledging "[t]he date of this stamp may not indicate the exact date this mail was delivered to [the Department]." (Doc. 14-2; Doc. 16; Doc. 20; Doc. 23). This declaration defies understanding—Taylor cannot plausibly claim to have been terminated by the Department while also purporting to have been the employee tasked with acknowledging receipt of the EEOC's decision in her employment discrimination action. Again, this language matches Angela Williams's affidavit nearly word-for-word. Given Taylor's *pro se* status and her opposition to the *sua sponte* summary judgment award, the undersigned views these declarations in the light most favorable to her—specifically, as an attempt to declare when she received the EEOC right to sue letter.

6

letter on December 3, 2019 (Doc. 16; Doc. 20) while the next two claimed receipt on December 2, 2020 (Doc. 23).

Taylor's shifting, inconsistent declarations regarding her receipt of the EEOC's right to sue letter fail to meet her burden of rebutting Yellen's challenge to the timeliness of the suit. While the exact date that she received the right to sue letter is unclear, neither side disputes that the EEOC issued its decision and mailed it to the parties on December 3, 2019. (*See* Doc. 1, PageID.23). Applying the standard three-day presumption for receipt by mail, Taylor should have received notice of the EEOC's decision on December 6, 2019—or called to inquire why she had not. *See Kerr*, 427 F.3d at 953. Taylor filed the present suit on December 2, 2020—362 days after her presumed notice of the EEOC's decision—putting it well within § 2000e–5(f)(1)'s ninety-day time bar.

Under the "fair and reasonable" framework used to evaluate when a complainant receives notice of an EEOC's decision, Taylor fails to establish that she did not receive notice of the EEOC's decision until at least September 3, 2020—275 days after the EEOC sent notice of its decision. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002) (affirming dismissal of an untimely Title VII suit where the plaintiff failed to "rebut the fact that ninety-seven days elapsed from the date of mailing to the date of filing"). Taylor bears some "minimal responsibility" to ensure expeditious resolution of her EEOC claims, and purporting to receive notice nearly a year after the EEOC issued its decision fails even that standard. *See Kerr*, 427 F.3d at 953 . Accordingly, Yellen is entitled to judgment as a matter of law on the

7

undisputed material facts and Taylor's complaint should be dismissed.

## IV. *Conclusion*

Taylor failed to timely file her complaint as required by 42 U.S.C. § 2000e–5(f)(1). Accordingly, pursuant to Federal Rule of Civil Procedure 56(f) and 28 U.S.C. § 636(a)–(b), the undersigned **RECOMMENDS** that:

- Summary judgment be entered in favor of Yellen and Taylor's complaint (Doc. 1) be **DISMISSED with prejudice**.

- Taylor's other motions (Doc. 14, Doc. 21) as well as Yellen's motion to dismiss (Doc. 9) should be **DENIED** as moot.

**DONE** and **ORDERED** this the 23rd day of November 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.